IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARTON DANIEL MASER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-714 |
| | ) |
| JOHN E. POTTER, Postmaster General, United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

*Pro se* Plaintiff[1] is a United States Postal Service employee. *See,* Complaint at ¶3 (Docket No. 2). On November 16, 1999, *Pro se* Plaintiff was accused of making threats. *See,* Complaint, Exs. p. 1. *Pro se* Plaintiff was cleared of the accusations. *Id.* at p. 2.  On November 30, 1999, *pro se* Plaintiff filed a claim seeking disability benefits for emotional damages sustained as a result of the accusations. *See,* Complaint, Exs. p. 10. Eventually, *pro se* Plaintiff was awarded disability benefits by

---

[1]Courts must hold the allegations in a *pro se* complaint "to less stringent standards than those drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts must also construe *pro se* complaints liberally. *Id.*

the United States Department of Labor, Employment Standards Administration, Office of Workers' Compensation Programs for the period from November 9, 1999, until his return to work in September of 2000. *Id.* at 16.

On May 24, 2005, *pro se* Plaintiff filed a two (2) page Complaint, consisting of a cover page and a substantive page. (Docket No. 2). Therein, Plaintiff asserts that this Court "has jurisdiction over this matter pursuant to U.S.C. 39: 1005 and 410." Complaint, at ¶4. Defendant, John E. Potter, Postmaster General of the United States Postal Service, has filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) challenging the subject matter jurisdiction of this Court. (Docket No. 4). In response, *pro se* Plaintiff filed a one (1) page response thereto. (Docket No. 7).

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) attack may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(1) motion based on the existence of jurisdiction, no presumption of truthfulness attaches to the allegations of the plaintiff (in contrast to the presumption applied under a Rule 12(b)(6) motion or a Rule 12(b)(1) motion based on immateriality). *Id.* The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of the


defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991). If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

## I. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. In fact, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Philadelphia Federation of Teachers v. Ridge,* 150 F.3d 319, 323 (3d Cir. 1998), *citing, Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal quotations marks and citations omitted). *Pro se* Plaintiff asserts that 39 U.S.C. §§410 and 1005 are the basis for this Court's jurisdictional powers. *See,* Complaint, ¶4. A review of §§410 and 1005 reveals, however, that they do not confer jurisdiction upon this Court. *See,* 39 U.S.C. §§410, 1005. Moreover, *Pro se* Plaintiff does not provide any further instruction or evidence upon which jurisdiction may be based. *See,* Docket No. 7. Consequently, I find that *pro se* Plaintiff has failed to meet his burden of persuading this Court that it has jurisdiction over the case.

THEREFORE, this **19th** day of January, 2006, after consideration of Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Docket No. 4), said Motion is granted. Consequently, Plaintiff's Complaint is dismissed, without prejudice. Plaintiff has ten (10) days from the date of this Memorandum Opinion, however, to file an Amended Complaint setting forth, specifically, the jurisdictional basis for this

Court and the facts that support the same.  Otherwise, the Clerk of Courts is directed to mark this case "CLOSED."

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge